IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | Civil Action No. _____ |
| GARY M. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SUN LIFE ASSURANCE COMPANY OF CANADA | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

COMPLAINT

Plaintiff GARY M. PIERCE, through his attorney, G. Gregory Green, for his Complaint in the captioned action, hereby states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff GARY M. PIERCE is a citizen and resident of the Parish of Richland, State of Louisiana.

2. Defendant SUN LIFE ASSURANCE COMPANY OF CANADA (hereinafter referred to as SUN LIFE ), is a foreign corporation authorized to transact

business in the State of Louisiana.

3. Defendant SUN LIFE ASSURANCE COMPANY OF CANADA Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by SUN LIFE ASSURANCE COMPANY OF CANADA for the benefit of certain employees of SAPA EXTRUSIONS, INC.(hereinafter referred to as SAPA at their plant located in Delhi, Louisiana. SUN LIFE is named as the administrator of the Plan.

4. SUN LIFE insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

7. At all times pertinent hereto, Plaintiff was employed by SAPA or entitled to coverage under the plan in question. Throughout his employment, Plaintiff was a participant in the Plan.

8. Plaintiff has received benefits under the plan until they were reduced because he began receiving disability benefits under the Social Security Act in December 2018, at which time his benefits were reduced under the insurance contract to $277.86.

9. Plaintiff was informed by SUN LIFE that his benefits were being terminated or reduced due to an overpayment, and were further terminated in early 2020 despite having furnished a proper physician's statement, and all other documents as required by SUN LIFE, because plaintiff was unable

to furnish a recorded statement to the administrator/adjuster handling the claim, despite having made a reasonable effort to schedule and provide such a statement to SUN LIFE.

10. On information and belief, all disability payments to plaintiff under the plan ceased.

11. Plaintiff has appealed these determinations by letter. The basis of the denial was as follows:

(a) SUN LIFE asserted that Plaintiff did not comply with the requirements to continue receiving disability.

(b) SUN LIFE asserted that Plaintiff had been overpaid benefits under the plan.

12. Plaintiff's final administrative appeal was denied by SUN LIFE .

CLAIM FOR RELIEF

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 12 above.

15. Plaintiff has fulfilled all conditions for receipt of benefits under the Plan, and has presented such evidence to SUN LIFE .

16. SUN LIFE has wrongfully denied Plaintiff's claim for benefits under the Plan. SUN LIFE has made unsupported factual conclusions, and has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits. SUN LIFE has further arbitrarily and capriciously found an overpayment of benefits under the plan.

17. SUN LIFE's denial of Plaintiff's claim for benefits and its attempt to collect the overpayment result, at least in part, from the conflict between SUN LIFE's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability. This result of conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

(a) SUN LIFE has refused to consider an alternative means of recouping any alleged overpayment, other than terminating benefits.

(b) SUN LIFE has refused to consider the evidence Plaintiff presented for continuation of benefits at the new rate of $277.86.

(c) On information and belief, SUN LIFE 's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's claim for benefits and the appeal of the alleged overpayment.

20. SUN LIFE 's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to SUN LIFE. SUN LIFE 's denial of Plaintiff's claim is therefore wrongful.

21. Plaintiff is entitled to recover benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the disability requirement of the Plan, and further, should not be assessed an overpayment under the plan.

22. Plaintiff has incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring SUN LIFE to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefit in the absence of evidence supporting the conclusion that Plaintiff's condition has changed such that Plaintiff is no longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 15 day of June, 2020.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEYS FOR PLAINTIFF
GARY M. PIERCE